UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DR. FELIX GUZMAN RIVADENEIRA, ON BEHALF OF THE THOUSANDS OF FEDERAL DETAINEES AND THEIR FAMILIES HERE IN THE UNITED STATES OF AMERICA AND ALL OVER THE WORLD;<br><br>        Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY,  DEPARTMENT OF IMMIGRATION CUSTOMS ENFORCEMENT,  UNITED STATES ATTORNEY GENERAL,  CHIEF OPERATOR OF THE DETENTION OPERATION MANUAL,  ALL THE WARDEN OF THE JAIL AND DETENTION CENTERS CONTRACTED BY I.C.E.,  ALL THE SERVICE PROCESSING CENTERS, ALL THE CONTRACT DETENTION FACILITIES,  ALL THE INTERGOVERNMENTAL SERVICE AGREEMENT FACILITIES,<br><br>        Defendants. | 4:15-CV-04116-KES<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Dr. Felix Guzman Rivadeneira has filed a complaint on behalf of himself and the thousands of federal detainees and their families pursuant to 42 U.S.C. § 1983.  See Docket No. 1.  Dr. Rivadeneira is in the custody of the McHenry County Jail in Woodstock, Illinois, apparently pursuant to a detainer filed by the Department of Immigration Customs Enforcement ("ICE").  Id.  This is one of at least 51 identical complaints filed by Dr. Rivadeneira in various federal district courts around the country.  These complaints allege violations of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution based on conditions of

confinement, lack of access to necessary medical care, imprisonment without due process of law, and punitive disciplinary procedures without access to reasonable grievance procedures, among other things.  Id.

Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a) and (b), this court must screen Dr. Rivadeneira's complaint to determine if it is frivolous or otherwise fails to state a claim upon which relief may be granted.  Screening the complaint, the court finds numerous reasons for dismissal.  Dr. Rivadeneira does not articulate specific facts in support of his claims.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (legal conclusions in a complaint must be supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief).  In addition, Dr. Rivadeneira is proceeding *pro se* and purports to represent other plaintiffs.  However, he is not a lawyer and therefore may not represent other lay plaintiffs.  See 28 U.S.C. § 1654.  Therefore, even if he alleged sufficient facts to survive screening under § 1915A, he would be allowed to proceed only on his own behalf, not on behalf of a class of other plaintiffs.

Most importantly, however, Dr. Rivadeneira's complaint contains no facts which tie his claim, his confinement, or the ICE policies and actions at issue in his case to the District of South Dakota.  See Docket No. 1.  In order for venue to lie in this district, the defendant must reside here, a substantial part of the events or omissions giving rise to the claim must have occurred here, or there must be no district in which an action may otherwise be brought.  See 28 U.S.C. § 1391.  Where the United States is a defendant, venue is proper in the judicial district where the plaintiff resides.  See 28 U.S.C. § 1402(a)(1).  This court may exercise discretion to transfer a case to a district court where venue *is* proper if it is brought in a district court where venue is lacking.  See 28 U.S.C. § 1404(a).  Venue in this matter would be proper in the

Northern District of Illinois as that is where Dr. Rivadeneira is being held in custody. However, this court will not transfer Dr. Rivadeneira's complaint to the Northern District of Illinois because an identical complaint from Dr. Rivadeneira is already filed on that court's docket. See Rivadeneira v. Dept. of Homeland Security, Civ. No. 1:15-cv-05552 (N.D. Ill. 2015).

Accordingly, it is respectfully recommended that Dr. Rivadeneira's complaint in this district be dismissed without prejudice in favor of allowing his already-filed complaint in the Northern District of Illinois to proceed.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 30th day of June, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge