UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DR. FELIX GUZMAN RIVADENEIRA, on behalf of the thousands of federal detainees and their families here in the United States of America and all over the world;<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, a/k/a D.H.S., DEPARTMENT OF IMMIGRATION CUSTOMS ENFORCEMENT, a/k/a I.C.E., UNITED STATES ATTORNEY GENERAL, CHIEF OPERATOR OF THE DETENTION OPERATION MANUAL, ALL THE WARDEN OF THE JAIL AND DETENTION CENTERS CONTRACTED BY I.C.E., ALL THE SERVICE PROCESSING CENTERS, a/k/a SPCs, ALL THE CONTRACT DETENTION FACILITIES, a/k/a CDFs, and ALL THE INTERGOVERNMENTAL SERVICE AGREEMENT FACILITIES, a/k/a IGSA,<br><br>Defendants. | 4:15-CV-4116-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

Plaintiff, Dr. Felix Guzman Rivadeneira, on behalf of the thousands of

federal detainees and their families here in the United States of America and all

over the world, filed this pro se lawsuit pursuant to 42 U.S.C. § 1983. Dr. Rivadeneira also moves for leave to proceed in forma pauperis.

Dr. Rivadeneira failed to file a prison trust account statement certified by a prison official, which is normally fatal to an application to proceed in forma pauperis. He did, however, file an affidavit explaining that he is indigent. The court is persuaded that had Dr. Rivadeneira filed a prisoner trust account document, it would have reflected his indigence. As explained below, Dr. Rivadeneira's complaint will be dismissed. Accordingly, the court will grant in forma pauperis status for the limited purpose of conducting an initial review of Dr. Rivadeneira's complaint. See *Cole v. Baldwin*, No. 14-CV-3007-DEO, 2014 WL 690297, at *3 (N.D. Iowa Feb. 21, 2014), aff'd (8th Cir. 14-1617) (June 3, 2014).

According to the complaint, Dr. Rivadeneira is in the custody of the McHenry County Jail in Woodstock, Illinois, apparently pursuant to a detainer filed by the Department of Immigration Customs Enforcement. The case was referred to Magistrate Judge Veronica Duffy pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for the purpose of determining any pretrial matter pending before the court and conducting any necessary hearings, including evidentiary hearings.

On June 30, 2015, the magistrate judge submitted her report and recommended that Dr. Rivadeneira's complaint be dismissed without prejudice pursuant to the screening provisions of 28 U.S.C. § 1915A(a) and (b). Dr. Rivadeneira was notified in the report and recommendation that he had 14

days to file objections to the report. Dr. Rivadeneira timely filed objections to the report and the court has conducted a de novo review under *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

After considering the objections and reviewing the matter de novo, the court finds that the objections are overruled and the magistrate judge's report and recommendation is adopted in full. Dr. Rivadeneira's complaint contains no facts which tie his claim, his confinement, or the ICE policies and actions at issue in his case to the District of South Dakota. Thus, venue is not proper in the District of South Dakota. Because he has an already-filed complaint raising the same concerns in the Northern District of Illinois, this court will not transfer the complaint there. Therefore, it is

ORDERED that:

1. The report and recommendation of the magistrate judge (Docket 5) is adopted in full.

2. The complaint is dismissed without prejudice.

3. The motion for leave to proceed in forma pauperis (Docket 2) is granted.

Dated August 17, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE